USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/06/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAI SINCLAIR,

Plaintiff,

-against-

DARCARS OF RAILROAD AVENUE, INC.; TOYOTA MOTOR CREDIT CORPORATION,

Defendants.

23-CV-07123 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Kai Sinclair ("Plaintiff" or "Sinclair") commenced this action on August 11, 2023, against Defendants DARCARS of Railroad Avenue, Inc. ("DARCARS") and Toyota Motor Credit Corporation ("TMCC," and together with DARCARS, "Defendants"), asserting claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, New York General Business Law ("GBL") § 349, and for common law fraud, all arising from his purchase of a used vehicle. (ECF Nos. 1, 12.) Pursuant to the parties' stipulation, the Court stayed this action pending arbitration. (ECF No. 23.) On August 15, 2024, the arbitrator denied Plaintiff's claims in their entirety. (ECF No. 24-1.)

Presently before the Court is Plaintiff's motion to vacate the arbitration award on the sole ground that the arbitrator manifestly disregarded the law. (*See* ECF Nos. 32–33.) For the following reasons, Plaintiff's motion is DENIED.

## BACKGROUND

### I. The Vehicle Purchase

The following facts are drawn from the parties' submissions and the documents attached thereto.[1]

On November 25, 2022, Plaintiff purchased a used 2019 Lexus ES (the "Vehicle") from DARCARS and financed the purchase through a retail installment sales contract (the "RISC"). (Am. Compl. ¶ 13; ECF No. 12; ECF No. 12-1.) The RISC disclosed an amount financed of $41,245.21. (ECF No. 12-1 at 3.) Among other charges, DARCARS charged Plaintiff a $110 registration fee and a $175 documentation fee. (Am. Compl. ¶¶ 14–15.) DARCARS assigned the RISC to Lexus Financial Services, a division of TMCC. (ECF No. 12-1.)

At the time of sale, DARCARS did not have the Vehicle's title in hand. (ECF No. 34-8; ECF No. 34-7 at 2.) Another DARCARS location had acquired the Vehicle about a month earlier, on October 26, 2022, as a trade-in from the Permanent Mission of the Republic of Tajikistan, and the title for this former diplomatic vehicle was not received by DARCARS Lexus of Mt. Kisco until May 1, 2023. (ECF No. 34-7 at 1.) In the interim, Plaintiff drove the Vehicle using a DARCARS dealer plate. (ECF No. 34-8; ECF No. 34-7 at 2.) The Vehicle passed a New York State inspection on November 25, 2022, with an expiration date of November 30, 2023. (ECF No. 34-3.)

On April 27, 2023, a DARCARS sales manager emailed Plaintiff that DARCARS was nearly finished registering the Vehicle but that the State required a current New York inspection, because the existing inspection was more than 30 days older than the sale paperwork, and six points of identification, because Plaintiff did not hold a New York driver's license. (ECF No. 34-4.) DARCARS offered to reimburse the $37 inspection fee. (*Id.*)

[1] The arbitration hearing transcript is not before the Court. The facts recited here are drawn from the exhibits the parties submitted on this motion and are not findings of fact by the Court.

In June 2023, the New York City Police Department impounded the Vehicle. (ECF No. 34-5.)[2] On June 21, 2023, Plaintiff emailed DARCARS two forms of identification and asked DARCARS to send the title to the police precinct so he could retrieve the Vehicle. (*Id.*) DARCARS responded the next day that it still needed a New York State inspection and a current insurance card, because the insurance card on file had expired on May 25, 2023. (ECF No. 34-6.) Plaintiff thereafter purchased a different vehicle. (*See* Am. Compl. ¶ 20.) A New York certificate of title for the Vehicle was ultimately issued in Plaintiff's name on February 23, 2024, listing TMCC as lienholder. (ECF No. 36-4 at 2.)

**II. Procedural History**

Plaintiff commenced this action on August 11, 2023, and filed an Amended Complaint on August 17, 2023, asserting claims for fraud and violations of TILA and GBL § 349 against DARCARS, and a claim against TMCC as holder of the RISC. (ECF Nos. 1, 12.) On September 18, 2023, DARCARS sought leave to move to compel arbitration based on an arbitration clause in the purchase documents. (ECF No. 14.) The Court granted leave. (ECF No. 19.) The parties then stipulated that Plaintiff's claims must be arbitrated, and on October 20, 2023, the Court stayed this action pending completion of the arbitration. (ECF Nos. 22, 23.)

Plaintiff filed a demand for arbitration with the American Arbitration Association asserting the same claims raised in the Amended Complaint. (Defs.' Mem. of Law in Opp. ("Defs. Opp.") at 2, ECF No. 35.) Defendants answered on January 19, 2024. (Decl. of Benjamin J. Razi ("Razi Decl.") ¶ 3, Ex. 1, ECF Nos. 36, 36-1.) On August 6, 2024, Arbitrator Jill Gross held an evidentiary hearing lasting approximately five hours, at which both sides were

---

[2] Defendants contend that the Vehicle was impounded on June 14, 2023, while being driven by a third party, for reasons unrelated to its registration or title. (Razi Decl. Ex. 3 at 9–10, 14.) Plaintiff contends that he could not retrieve the Vehicle because he could not prove ownership without title and registration. (Am. Compl. ¶ 17; Pl.'s Mem. of Law in Supp. ("Pl. Mem.") at 3–4, ECF No. 33.) The Court need not resolve this dispute.

represented by counsel, delivered opening statements and closing arguments, and presented documentary evidence and the testimony of four witnesses, including Plaintiff. (Razi Decl. ¶¶ 4–12.)

On August 15, 2024, the Arbitrator issued an award denying Plaintiff's claims "in their entirety," finding that Plaintiff "did not introduce sufficient evidence at the hearing demonstrating a violation of any of the laws he alleged were violated" (the "Award"). (ECF No. 24-1.) On August 20, 2024, the parties filed a joint status report attaching the Award and, according to Defendants, stipulating that no further proceedings were necessary and that the action should be dismissed with prejudice. (ECF No. 24; Defs. Opp. at 3.)

On September 5, 2024, Plaintiff, through new counsel, requested that the Court not dismiss the action and sought leave to move to vacate the Award. (ECF Nos. 25, 26.) Defendants did not oppose holding dismissal in abeyance pending resolution of such a motion. (ECF No. 28.) The Court waived the pre-motion conference requirement and set a briefing schedule. (ECF No. 29.) On November 29, 2024, the parties filed their fully briefed motion papers. (ECF Nos. 32–37.) On October 9, 2026, the Court deemed the motion fully submitted and directed the Clerk of Court to lift the stay. (ECF No. 38.)

## LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, reflects a national policy in favor of arbitration. *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009). Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). Courts should exercise extreme caution when considering whether to disturb an arbitration award, and a party

seeking to avoid summary confirmation bears a high burden. *See Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997).

A district court may vacate an award upon a showing that: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrator; (3) the arbitrator was guilty of misconduct in refusing to postpone the hearing, or to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of a party have been prejudiced; or (4) the arbitrator exceeded her powers. 9 U.S.C. § 10(a).[3]

In addition to these statutory grounds, the Second Circuit has held that an award may be vacated if it demonstrates "a manifest disregard of the law." *Goldman v. Architectural Iron Co.*, 306 F.3d 1214, 1216 (2d Cir. 2002) (quoting *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 821 (2d Cir. 1997)); *see Seneca Nation of Indians v. New York*, 988 F.3d 618, 625–26 (2d Cir. 2021). Establishing manifest disregard requires a finding of (1) a governing legal principle that is well defined, explicit, and clearly applicable to the case, and (2) the arbitrator's knowledge of such principle and refusal to apply it or disregard of it. *N.Y. Tel. Co. v. Commc'ns Workers of Am. Local 1100*, 256 F.3d 89, 91 (2d Cir. 2001). The doctrine is "a doctrine of last resort," reserved for "rare instances" in which the arbitrator's error is "egregious" and "plainly evident from the arbitration record." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388–89 (2d Cir. 2003). Accordingly, an award "should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (quoting *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004)).

[3] Plaintiff does not seek vacatur under any of the statutory grounds set forth in 9 U.S.C. § 10(a). (*See* Pl. Mem. at 4–6, ECF No. 33.)

Courts apply a two-prong test with an objective and a subjective component. *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 209 (2d Cir. 2002). First, the court considers whether the "governing law alleged to have been ignored by the arbitrators [was] well defined, explicit, and clearly applicable." *Id.* (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 934 (2d Cir. 1986)). Second, the court looks to the knowledge actually possessed by the arbitrator, who must have "appreciate[d] the existence of a clearly governing legal principle but decide[d] to ignore or pay no attention to it." *Id.* (quoting *Merrill Lynch*, 808 F.2d at 933). Both prongs must be met before a court may find manifest disregard. *Id.* A court "cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law." *Wallace*, 378 F.3d at 190.

**DISCUSSION**

Plaintiff seeks vacatur solely on the ground that the Arbitrator manifestly disregarded the law. (Pl. Mem. at 4–6, ECF No. 33.)[4] He advances two arguments. First, he contends that the undisputed record establishes Defendants' liability under TILA, GBL § 349, and common law fraud. (*Id.* at 3–6.) Second, he contends that Defendants violated the New York Uniform Commercial Code ("UCC") and the New York Vehicle and Traffic Law ("VTL") by selling the Vehicle without title, and that "no reasonable arbitrator could award in defendant's favor without willfully ignoring the statutes." (*Id.* at 5; *see* Pl.'s Reply Mem. of Law ("Pl. Reply") at 2–3, ECF No. 37.) Neither argument satisfies the demanding manifest disregard standard.

**I. The Claims Submitted to Arbitration**

[4] The motion is timely. Notice of a motion to vacate must be served within three months after the award is filed or delivered. 9 U.S.C. § 12. The Award issued on August 15, 2024, and Plaintiff served his moving papers on October 15, 2024. (ECF Nos. 24-1, 30.) The Court has an independent basis for subject matter jurisdiction over this stayed action, which asserts claims under TILA. *See* 28 U.S.C. § 1331; 15 U.S.C. § 1640(e). Defendants do not contend otherwise.

As to the TILA, GBL § 349, and fraud claims that Plaintiff actually submitted to arbitration, Plaintiff does not identify any well-defined, explicit, and clearly applicable legal principle that the Arbitrator ignored. *See Westerbeke*, 304 F.3d at 209. Plaintiff instead argues that the Award is "untenable in light of the undisputed facts" that Defendants lacked title at the time of sale, collected fees for registration documents they could not then use, misrepresented why title was unavailable, and left Plaintiff unable to retrieve the Vehicle from impound. (Pl. Mem. at 6.) These are disagreements with the Arbitrator's assessment of the evidence, not identifications of law the Arbitrator refused to apply. The Award rests on a finding that Plaintiff "did not introduce sufficient evidence at the hearing demonstrating a violation of any of the laws he alleged were violated." (ECF No. 24-1.) A court may not set aside an award "because of an arguable difference regarding the meaning or applicability of laws urged upon" the arbitrator, *Merrill Lynch*, 808 F.2d at 934, and still less because a party disagrees with how the arbitrator weighed the record. *See Shenzhen Zongheng Domain Network Co. v. Amazon.com Servs. LLC*, 2023 WL 7327140, at *5 (S.D.N.Y. Nov. 7, 2023) (disagreement with an arbitrator's assessment of the record is not a basis to vacate).

Nor were Plaintiff's factual premises undisputed. Defendants denied liability in the arbitration and maintained that the delay in titling and registration was attributable to Plaintiff's failure to supply information required by New York law. (Razi Decl. Ex. 1 ¶ 2.) The record before this Court lends support to that account. In April 2023, DARCARS told Plaintiff that the State required a current inspection and six points of identification because he lacked a New York driver's license. (ECF No. 34-4.) In June 2023, after Plaintiff sent two forms of identification, DARCARS responded that it still needed a current inspection and a current insurance card, because the card on file had expired. (ECF Nos. 34-5, 34-6.) DARCARS's internal correspondence reflects the same outstanding items. (ECF No. 34-8.) And a certificate of title

was ultimately issued in Plaintiff's name. (ECF No. 36-4 at 2.) The Arbitrator was also presented with the Vehicle's history as a former diplomatic vehicle, which Plaintiff now contends was concealed from him. (Razi Decl. Ex. 3 at 5.) Having heard four witnesses and reviewed the documentary evidence, the Arbitrator was entitled to credit Defendants' account. (Razi Decl. ¶¶ 9–12.)

The governing law, moreover, supplies at least a colorable basis for the result. TILA disclosures are measured at the time the transaction is consummated, and "[i]f information disclosed in accordance with this part is subsequently rendered inaccurate as the result of any act, occurrence, or agreement subsequent to the delivery of the required disclosures, the inaccuracy resulting therefrom does not constitute a violation of this part." 15 U.S.C. § 1634; *see Stein v. TitleMax of Ga., Inc.*, 819 F. App'x 809, 811–12 (11th Cir. 2020). Plaintiff's TILA theory, that a later failure to complete registration rendered the RISC's disclosures inaccurate, is precisely the sort of claim an arbitrator could reasonably reject. (*See* Am. Compl. ¶¶ 25–26.) Similarly, statements that were not misleading when made but are later proven false by subsequent events are not actionable under GBL § 349, *see Ellinghaus v. Educ. Testing Serv.*, 2016 WL 8711439, at *8 (E.D.N.Y. Sept. 30, 2016), and a fraud claim requires, among other things, a material misrepresentation made with knowledge of its falsity and reasonable reliance, *see Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 170 (2d Cir. 2015). On this record, the Arbitrator could reasonably conclude that Plaintiff failed to carry his burden on any of these elements.

That the Award does not set out the Arbitrator's reasoning does not alter the analysis. Even where an arbitrator's explanation for an award is "deficient or non-existent," it will be confirmed "if a justifiable ground for the decision can be inferred from the facts of the case," *Duferco Int'l Steel Trading Co.*, 333 F.3d at 390, and the Court need not reconstruct the

arbitrator's reasoning. *See Caremark, L.L.C. v. N.Y. Cancer & Blood Specialists*, 740 F. Supp. 3d 340, 358 (S.D.N.Y. 2024); *Elwell v. Raymond James Fin. Servs., Inc.*, 686 F. Supp. 3d 281, 294 (S.D.N.Y. 2023). Because there is far more than a "barely colorable justification for the outcome reached," *T.Co Metals*, 592 F.3d at 339, Plaintiff's first argument fails.

**II. The UCC and VTL Theories**

Plaintiff's second argument fares no better. Plaintiff contends that Defendants breached the implied warranty of title under UCC §§ 2-312(1) and 2-318 and violated VTL § 2113(a) and (b) by selling the Vehicle without good title and failing to apply for a new certificate of title within 30 days of sale. (Pl. Mem. at 5; *see Candela v. Port Motors*, 208 A.D.2d 486 (2d Dep't 1994).) It is undisputed, however, that Plaintiff never asserted any such claim in this action or in the arbitration, and never argued to the Arbitrator that these statutes applied. (Razi Decl. ¶ 10; Defs. Opp. at 6 n.1.) Plaintiff effectively concedes as much, acknowledging "prior counsel's decision to not directly rely on these statutes" and arguing that "it matters not if claims under same were not raised by prior counsel" because the Arbitrator "should have been aware of such provisions." (Pl. Reply at 2–3.)

That concession is fatal to Plaintiff's argument. The subjective prong of the manifest disregard inquiry turns on "the knowledge actually possessed by the arbitrator," who must have appreciated the existence of a clearly governing legal principle and then decided to ignore it. *Westerbeke*, 304 F.3d at 209. An arbitrator cannot willfully flout law that no party placed before her. *See Wallace*, 378 F.3d at 197 (finding no manifest disregard where the panel had no argument before it on the issue); *Acorda Therapeutics, Inc. v. Alkermes PLC*, 2023 WL 5003767, at *7 (S.D.N.Y. Aug. 4, 2023) (same, where the argument "was not specifically raised before the Tribunal"). Plaintiff's contention that the Arbitrator "was expected to be knowledgeable" of

these statutes (Pl. Reply at 3) describes, at most, constructive knowledge, which the standard does not reach.

Moreover, the Arbitrator's mandate extended to the claims submitted to her, and the Award resolved "all claims submitted to this Arbitration." (ECF No. 24-1.) A motion to vacate is not a vehicle for asserting new causes of action that were never presented to the arbitral forum. Nor has Plaintiff shown that the statutes he invokes are "clearly applicable" in the manner required. *See Westerbeke*, 304 F.3d at 209. Plaintiff relies on a single state appellate decision for the general proposition that a seller without good title cannot validly transfer a vehicle (Pl. Mem. at 5), but he cites no authority applying these provisions to circumstances in which, as here, the dealer delivered the vehicle, title was later obtained, and a certificate of title ultimately issued in the buyer's name. (ECF No. 36-4 at 2.) Plaintiff's UCC and VTL theories therefore cannot support vacatur.

**III. Plaintiff's Waiver Argument**

Finally, Plaintiff argues that Defendants, by failing to address the UCC and VTL provisions, have "conceded" their applicability and violation, which "requires a grant of the subject motion." (Pl. Reply at 2–4.) This argument fails for two reasons. First, Defendants did respond, explaining that Plaintiff never asserted these claims or presented these statutes to the Arbitrator and therefore cannot establish manifest disregard. (Defs. Opp. at 6 n.1.) Second, and in any event, the burden of establishing grounds for vacatur rests at all times on the party seeking it. *See Willemijn*, 103 F.3d at 12; *Acciardo v. Millennium Sec. Corp.*, 83 F. Supp. 2d 413, 417 (S.D.N.Y. 2000). An opposing party's decision not to litigate the merits of claims that were never arbitrated does not relieve Plaintiff of that burden, which he has not carried.

In sum, Plaintiff has not shown that the Arbitrator knew of and deliberately disregarded any well-defined, explicit, and clearly applicable legal principle. Because Plaintiff "merely

moves to vacate under one legal theory, 'manifest disregard,'" *Tyskowski v. Int'l Bus. Machs. Corp.*, No. 22-CV-08207 (NSR), 2023 WL 6394061, at *2 n.1 (S.D.N.Y. Sept. 30, 2023), and that theory fails, the motion must be denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to vacate the arbitration award is DENIED. In light of the Award and the parties' joint submission advising the Court that no further proceedings are necessary (ECF No. 24), this action is DISMISSED with prejudice. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 32 and to terminate the action.

Dated: November 6, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge